**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**IN ADMIRALTY**

| | | |
|---|---|---|
| GREAT LAKES INSURANCE SE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case. No. |
| v. | ) | |
| | ) | |
| DAYA LTD | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF GREAT LAKES INSURANCE SE'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201 and Rule 9(h) of the Federal Rules of Civil Procedure, as well as the Local Rules of the United States District Court for the Southern District of Florida, and for its Complaint for Declaratory Judgment would respectfully state as follows:

**PARTIES, JURISDICTION, and VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance which afforded first-party property damage and third-party liability coverage to an insured whose principal place of business is in Miami, Florida.

1

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, §1333.

4. Plaintiff, GREAT LAKES INSURANCE SE (hereinafter "GLI"), is a corporation organized and existing under the laws of Germany, with its office and principal place of business located in Munich, Germany.

5. Upon information and belief, the Defendant DAYA LTD (hereinafter "DAYA" or "the Insured") is a limited liability company incorporated in the Cayman Islands and having its principal place of business in the State of Florida.

## FACTUAL ALLEGATIONS

6. On or about July 20, 2020, DAYA submitted to GLI, via Defendant's agent, an application for a policy of marine insurance.

7. The application was submitted to GLI via GLI's agent, Concept Special Risks Ltd. (hereinafter "Concept").

8. A true and correct copy of the July 19, 2020 Application is attached hereto as Exhibit 2.[1]

9. As part of that application, DAYA submitted to Concept a copy of a survey performed by Ogden & Associates dated July 4, 2020 (hereinafter "the Ogden Survey"). A true and correct copy of the Ogden Survey is attached hereto as Exhibit 3.

10. Further to the process of applying for a policy of marine insurance, DAYA submitted to Concept an updated application on July 30, 2020. A true and correct copy of the updated application is attached hereto as Exhibit 4.

---

[1] The Civil Cover Sheet is attached hereto as Exhibit 1.

11. Further the process for applying for a policy of marine insurance, DAYA submitted to Concept a Letter of Survey Recommendations Compliance (hereinafter "LOC") certifying the compliance with all the recommendations of the Ogden Survey. A true and correct copy of the LOC is attached hereto as Exhibit 5.

12. In reliance upon DAYA's duty under federal admiralty law to truthfully disclose all material facts, Concept agreed to issue, on behalf of GLI, Policy No. CSRYP/184145. A true and correct copy of Policy No. CSRYP/184145 (hereinafter "the Policy") is attached hereto as Exhibit 6.

13. Plaintiff agreed to issue the Policy, affording one million dollars ($1,000,000.00) in first-party property damage coverage for the vessel named "Daya" (hereinafter "the Vessel") against the risks detailed therein, with an inception date of July 29, 2020, based upon the representations set forth in, and the material information disclosed in, the applications, the LOC, and the other facts represented during the process of applying.

14. On or about June 6, 2021, during the period of coverage afforded under the Policy, the Vessel suffered significant engine damage.

15. Upon receipt of the first notice of the June 6, 2021 incident described herein, GLI caused an investigation to be made into the facts and circumstances surrounding the said incident.

16. The said investigation established that the significant engine damage was not caused by an accidental external event.

17. The said investigation established that the significant engine damage was caused by a lack of maintenance.

18. The said investigation established that DAYA failed to complete all the recommendations detailed in the Ogden Survey.

19. The said investigation established that DAYA misrepresented and/or failed to disclosed that it did not complete all the recommendations detailed in the Ogden Survey.

20. Notwithstanding the facts established by GLI's said investigation, DAYA has made a claim against the Plaintiff under the terms of the Policy demanding payment for the damage suffered when the Vessel suffered significant engine damage.

**FIRST CAUSE OF ACTION**
**(Exclusion for Damage to Engines, Etc.)**

21. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

22. The Policy states, in pertinent part:

    Exclusions to Coverage A

    Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

    ******

    r) Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as a collision, impact with a fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

23. The Policy states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

24. The damage to the Vessel's engines, mechanical parts, and electrical parts suffered on June 6, 2021 was not caused by an accidental external event such as a collision, impact with a

fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

25. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

26. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy. Until such time as the Plaintiff is able to have its rights and responsibilities under the Policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

27. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**SECOND CAUSE OF ACTION**
**(Exclusion for Losses Due to Lack of Maintenance)**

28. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

29. The Policy states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

b) Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

30. The Policy states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

31. The damage to the Vessel suffered on June 6, 2021 was caused by wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, and/or animal and marine life.

32. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

33. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy. Until such time as the Plaintiff is able to have its rights and responsibilities under the Policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

34. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### THIRD CAUSE OF ACTION
### (Breach of the LOC Warranty)

35. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

36. The LOC states, in pertinent part:

    I certify, as owner of the above vessel, that all recommendations pertaining to the above vessel contained within the detailed survey submitted herein, have been complied with[], other than those listed below, along with the date of expected completion (please reference the recommendation number as detailed on the survey where appropriate.

37. The Policy states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

38. Contrary to the warranty in the LOC, DAYA did not complete all the recommendations contained in the Ogden Survey.

39. DAYA's breach of the LOC certification voids the Policy from inception.

40. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full

insured value of the vessel insured under the said terms of the said policy of marine insurance.

41. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy. Until such time as the Plaintiff is able to have its rights and responsibilities under the Policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

42. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### FOURTH CAUSE OF ACTION
### (*Uberrimae Fidei*, Policy No. CSRYP/202273)

43. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

44. The Application states in pertinent part:

    **PLEASE READ BEFORE SIGNING APPLICATION**
    1. **This application will be incorporated in its entirety into any relevant policy of insurance where insures have relied on the information contained there.**
    2. **Any misrepresentation in this application for insurance may render insurance coverage null and void from inception.**

45. The LOC states, in pertinent part:

    I certify, as owner of the above vessel, that all recommendations pertaining to the above vessel contained within the detailed survey submitted herein, have been complied with[], other than those listed below, along with the date of expected

completion (please reference the recommendation number as detailed on the survey where appropriate.

46. The Policy states, in pertinent part:

   l. This contract is null and void in the event of the non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuation of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

47. The Policy states, in pertinent part:

   11. Service Of Suit, Choice Of Law And Forum

   It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

48. DAYA misrepresented and/or failed to disclose material facts at the time that it submitted the Application and the LOC.

49. DAYA falsely represented that it had completed all the recommendations of the Ogden Survey.

50. Had DAYA truthfully disclosed that it had not completed all the recommendations of the Ogden Survey, Concept's underwriter would have refused to issue the Policy.

51. DAYA's misrepresentation of and/or failure to disclose material facts constitutes a breach of the federal admiralty law duty of *uberrimae fidei* ("utmost good faith") and renders the Policy void *ab initio*.

52. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

53. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/203287. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

54. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### FIFTH CAUSE OF ACTION
### (Breach of the Survey Compliance Warranty)

55. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

56. The Policy states, in pertinent part:

   r. Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel this it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement. If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials and that either:

       i. The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyor's) satisfaction prior to any loss and/or claim

       Or,

      ii.    The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

57. The Policy states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

58. Contrary to the Policy's Survey Compliance Warranty, DAYA did not complete all the recommendations contained in the Ogden Survey.

59. Contrary to the Policy's Survey Compliance Warranty, the surveyor who carried out the Ogden Survey did certify in writing that all recommendations had been completed to his (the surveyor's) satisfaction prior to the loss which occurred on June 6, 2021.

60. Contrary to the Policy's Survey Compliance Warranty, the workmen/repair yard that carried out the work mandated by the Ogden Survey did not certify in writing that all recommendations had been completed prior to the loss which occurred on June 6, 2021.

61. DAYA's breach of the Policy's Survey Compliance Warranty voids the Policy from inception.

62. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

63. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory

Judgment regarding the coverage afforded under the terms of the Policy. Until such time as the Plaintiff is able to have its rights and responsibilities under the Policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

64. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that Policy No. CSRYP/184145 affords no coverage for any damage to the Vessel's engines, mechanical and electrical parts;

(B) Declaring that Policy No. CSRYP/184145 affords no coverage for any damage to the Vessel caused, directly or indirectly, by wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

(C) Declaring that Policy No. CSRYP/184145 is void *ab initio* due to DAYA's breach of the LOC Warranty.

(D) Declaring that Policy No. CSRYP/184145 is void *ab initio* due to DAYA's failure to disclose material facts prior to the inception of Policy No. CSRYP/184145.

(E) Declaring that Policy No. CSRYP/184145 is void *ab initio* due to DAYA's breach of the Survey Compliance Warranty.

(F) Declaring that the costs of this action be taxed against the Defendant; and

(G) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: September 28, 2021

    Fort Lauderdale, Florida
    GOLDMAN & HELLMAN
    *Attorneys for Plaintiff*
    8751 W. Broward Boulevard
    Suite 404
    Fort Lauderdale, Florida 33324
    Tel (954) 356-0460
    Fax (954) 832-0878

    By: /s/ Jacqueline L. Goldman
    JACQUELINE L. GOLDMAN, ESQ.
    FLA. BAR NO. 1005573